UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**SUNBELT RENTALS, INC.,**          CASE NO.  3:21-CV-00981

**VERSUS**                          JUDGE TERRY A. DOUGHTY

**BJ MOORE TRUCKING, LLC.**         MAG. JUDGE KAYLA D. MCCLUSKY

**PARTIAL MEMORANDUM ORDER AND PARTIAL REPORT AND RECOMMENDATION**

Before the undersigned is a motion to compel a Rule 30(b)(6) deposition of Defendant BJ Moore Trucking, LLC ("BJ Moore") and for sanctions and reasonable costs, filed by Plaintiff Sunbelt Rentals, Inc. ("Sunbelt"). [doc. #14]. BJ Moore did not file an opposition to the instant motion. For the reasons assigned below, to the extent that Sunbelt requests the Court compel BJ Moore to appear at a deposition and pay reasonable fees, IT IS ORDERED that Sunbelt's motion is GRANTED. To the extent that Sunbelt asks the Court to hold BJ Moore in contempt, IT IS RECOMMENDED that Sunbelt's motion be DENIED.

### I.   FACTUAL BACKGROUND

Sunbelt is an equipment rental company that allows its customers to rent on credit after the customer submits an online credit application and Sunbelt approves it. [doc. #1, p. 1-2]. On August 28, 2020, Billy Moore ("Moore"), BJ Moore's Chief Financial Officer ("CFO"), submitted an online credit application to Sunbelt, which was subsequently approved. *Id.* at 2. According to the Complaint, BJ Moore began renting equipment from Sunbelt but failed to pay its bills. *Id.* As of February 2021, BJ Moore owed Sunbelt a total of $90,767.57 from equipment rentals, service charges, and late fees. *Id.*

On April 14, 2021, Sunbelt filed suit in this Court against BJ Moore on the basis of diversity jurisdiction. *Id.* at 1. In its Complaint, Sunbelt asserted claims for breach of contract, unjust enrichment, and attorney's fees. *Id.* at 3-4.

On April 21, 2021, Sunbelt served BJ Moore with a copy of the Summons and Complaint. [doc. #4]. This afforded BJ Moore until May 12, 2021, to file a responsive pleading; however, it failed to do so. Accordingly, on May 13, 2021, Sunbelt moved for entry of default, which the Clerk's office entered on May 14, 2021. [doc. #s 5 & 6].

On June 1, 2021, Sunbelt filed a motion for entry of default judgment, which Judge Doughty granted on June 24, 2021. [doc. #s 7 & 8].

On August 26, 2021, Sunbelt sent a notice of a Rule 30(b)(6) deposition to BJ Moore. [doc. #14-1, p. 2]. During the deposition, Sunbelt sought to learn about BJ Moore's financials in order to pursue recovery. [doc. #14-1, p. 7]. The deposition was scheduled for October 14, 2021, via Zoom, with Moore testifying on behalf of BJ Moore. *Id.*

On the morning of the deposition, Moore had technology issues and was unable to log onto Zoom. *Id.* After attempting to join the deposition for an hour, the parties agreed to reschedule for October 19, 2021. However, Moore failed to appear on October 19, 2021, and Sunbelt was unable to reach Moore or BJ Moore, despite calling, texting, and emailing. *Id.*

Accordingly, on January 7, 2022, Sunbelt filed the instant motion to compel BJ Moore to appear at a Rule 30(b)(6) deposition and produce requested documents, as well as to hold BJ Moore in contempt and order it to pay reasonable costs associated with its failure to appear. BJ Moore did not respond to the motion.

## II.   LAW

Federal Rule of Civil Procedure 30(b)(6) provides a mechanism for a party to depose an organization whereby the organization designates one or more officers, directors, or other persons to testify on behalf of the organization about information known or reasonably known to the organization. FED. R. CIV. P. 30(b)(6); *see Robinson v. Nexion Health at Terrell, Inc.*, 312 F.R.D. 438, 441 (N.D. Tex. 2014). To initiate a Rule 30(b)(6) deposition, the party seeking the deposition must send a notice of the deposition to the party that it seeks to depose. FED. R. CIV. P. 30(b)(1). The notice should state the time and place of the deposition and must describe with reasonable particularity the matters for examination. *Id.*

In response to the notice, the organization must designate an individual to testify on the organization's behalf. FED. R. CIV. P. 30(b)(6). The organization should prepare the witness "so he can fully, completely, and unevasively answer questions about all of the noticed topics." *Omega Hosp., LLC v. Cmty., Ins. Co.*, 310 F.R.D. 319, 322 (E.D. La. 2015).

If the organization fails to designate a deponent with sufficient knowledge of the topics, or if a deponent fails to appear at the deposition, the Court may compel the organization to provide a competent witness to testify at a Rule 30(b)(6) deposition. *See Tellis v. LeBlanc*, No. 18-CV-541, WL 5732628, at *7 (W.D. La. Sept. 24, 2020); *see also Mercury Luggage Mfg.*, No. 19-CV-1939, 2021 WL 2515753, at *2 (N.D. Tex. June 18, 2021). The Court may also impose sanctions on a non-compliant party. These sanctions include (1) directing that the matters in the order be taken as established for the purposes of the action, as the prevailing party claims; (2) prohibiting the non-responding party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action in whole or in

part; or (6) rendering a default judgment against the non-responsive party. FED. R. CIV. P. 37(b)(2)(A)(i)-(vi). Moreover, instead of or in addition to ordering sanctions under Rule 37, the Court may "require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to appear], unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

### III. ANALYSIS

Sunbelt requests that the Court compel BJ Moore to appear for the Rule 30(b)(6) deposition and produce the requested documents, arguing that it complied with the requirements under Rule 30(b)(6) and that BJ Moore may not avoid the deposition merely by failing to appear. Sunbelt also requests that the Court impose penalties on BJ Moore for failing to produce a deponent for the Rule 30(b)(6) deposition. Sunbelt explains that it does not seek sanctions under Rule 37(d), because it would not further Sunbelt's goal of determining BJ Moore's assets. [doc. #14-1, p. 6-7]. It does, however, ask the Court to "adhere to [Rule] 37(d)(3)'s mandate and require BJ Moore to pay the reasonable expenses that Sunbelt has incurred because BJ Moore failed to appear." *Id.* at 7. Sunbelt also requests that the Court hold BJ Moore in contempt under Rule 45(g) for its failure to attend the depositions.

As an initial matter, BJ Moore must provide a deponent at a Rule 30(b)(6) deposition and at that deposition, furnish the requested documents. Sunbelt followed the proper procedures for a Rule 30(b)(6) deposition by naming BJ Moore as the deponent and describing in detail the financial information into which Sunbelt would inquire at the deposition. *See* [doc. #14-2]. Moreover, BJ Moore may not evade a deposition into its financial affairs merely by failing to appear and refusing to communicate with Sunbelt. BJ Moore had originally designated Moore, the company's CFO, as the deponent for the deposition. Because Sunbelt inquires into BJ

4

Moore's financials, Moore appears to be knowledgeable about the proposed topics. Accordingly, it is ordered that Billy Moore appear for a Rule 30(b)(6) deposition and at that deposition, furnish the requested documents.

BJ Moore must also pay reasonable costs associated with its failure to appear. It is clear that BJ Moore failed to appear at both the October 14 and the October 19 depositions. Thus, the question becomes whether those failures were substantially justified. As an initial matter, the Court finds that BJ Moore's failure to appear on October 14 was substantially justified. Sunbelt explains that Moore was attempting to access the Zoom deposition but was unable to due to connectivity issues. No one is impervious to technological difficulties, and a poor internet connection and/or computer issues should not subject a party to penalties under the Federal Rules. However, there does not appear to be any justification at all as to BJ Moore's failure to produce a deponent at the "make-up" Rule 30(b)(6) deposition on October 19, 2021. BJ Moore did not respond to Sunbelt's attempts to contact it, nor has it provided an explanation to Sunbelt or the Court for its failure to appear. Accordingly, it is ordered that the BJ Moore pay reasonable expenses incurred by its failure to appear at the October 19, 2021, deposition.

However, the undersigned declines to recommend that BJ Moore be held in contempt pursuant to Rule 45(g).[1] Rule 45(g) allows the Court to hold in contempt a party who fails to obey a *subpoena*. FED. R. CIV. P. 45(g). Sunbelt noticed a Rule 30(b)(6) deposition to BJ Moore as party, and no subpoena issued from the Court. Out of an abundance of caution, however, even if contempt were permissible in this case, the undersigned would still recommend against it.

---

[1] Pursuant to 28 U.S.C. § 636(e)(6), a magistrate judge cannot grant a motion for contempt, but can only certify the facts regarding any failure to obey the subpoena to a district judge. 28 U.S.C. § 636(e)(6); *see Dunn v. Bd of Supervisors*, No. 15-CV-762, 2017 WL 2493784, at *2 (M.D. La. June 9, 2017).

Civil contempt is meant to be remedial in nature. *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 399 (5th Cir. 1987). The undersigned has ordered that BJ Moore to pay reasonable costs associated with its failure to appear; thus, any damage suffered by Sunbelt has been remedied.

### IV.   CONCLUSION

Accordingly, to the extent Sunbelt requests that the Court compel BJ Moore to appear at deposition and produce the requested documents, **IT IS ORDERED** that Sunbelt's motion be **GRANTED** and that the Court order Billy Moore to attend a Rule 30(b)(6) deposition at a mutually agreeable time and place and that BJ Moore provide the documents previously recommended by Sunbelt.

To the extent that Sunbelt requests reasonable fees associated with BJ Moore's failure to appear at the depositions, **IT IS ORDERED** that Sunbelt's motion be **GRANTED**. BJ Moore must pay $700 in reasonable fees.

To the extent that Sunbelt requests BJ Moore be held in contempt, **IT IS RECOMMENDED** that Sunbelt's motion be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 23rd day of May, 2022.

*[signature: Kayla Dye McClusky]*

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE